# IN THE SUPREME COURT OF THE STATE OF NEVADA

RJRN HOLDINGS, LLC, A DOMESTIC LIMITED LIABILITY COMPANY,
Appellant,

vs.

DITECH FINANCIAL LLC, F/K/A GREEN TREE SERVICING LLC, A FOREIGN LIMITED LIABILITY COMPANY,
Respondent.

No. 76442

FILED

FEB 26 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____S.Young_____
DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is an appeal from an order granting summary judgment in a foreclosure action. Eighth Judicial District Court, Clark County; Ronald J. Israel, Judge.

Counsel for respondent has filed a notice informing this court that respondent and certain of its direct and indirect subsidiaries have filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The filing of a bankruptcy petition operates to stay, automatically, the "continuation" of any "judicial . . . action . . . against the debtor." 11 U.S.C. § 362(a)(1). An appeal, for purposes of the automatic stay, is considered a continuation of the action in the trial court. Consequently, an appeal is automatically stayed if the debtor was the defendant in the underlying trial court action. *See Ingersoll-Rand Fin. Corp. v. Miller Mining Co.*, 817 F.2d 1424 (9th Cir. 1987). It appears that respondent was a defendant below.

19-08653

Therefore, this appeal is stayed pursuant to the automatic stay provisions of federal bankruptcy law.

Given the applicability of the automatic stay, this appeal may linger indefinitely on this court's docket pending final resolution of the bankruptcy proceedings. Accordingly, judicial efficiency will be best served if this appeal is dismissed without prejudice. Because a dismissal *without prejudice* will not require this court to reach the merits of this appeal and is not inconsistent with the primary purposes of the bankruptcy stay—to provide protection for debtors and creditors—this court further concludes that such dismissal will not violate the bankruptcy stay.[1] *See Indep. Union of Flight Attendants v. Pan Am. World Airways, Inc.*, 966 F.2d 457, 459 (9th Cir. 1992) (holding that the automatic stay does not preclude dismissal of an appeal so long as dismissal is "consistent with the purpose of [11 U.S.C. §362(a)"]); *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 755 (9th Cir. 1995) (holding that a post-bankruptcy petition dismissal will violate the automatic stay "where a decision to dismiss requires the court to first consider other issues presented by or related to the underlying case").

Accordingly, this appeal is dismissed. This dismissal is without prejudice to appellant's right to move for reinstatement of this appeal upon

---

[1]The automatic stay provides a debtor "with protection against hungry creditors" and gives it a "breathing spell from its creditors" by stopping all collection efforts. *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 755 (9th Cir. 1995) (internal quotation marks omitted). Further, it "assures creditors that the debtor's other creditors are not racing to various courthouses to pursue independent remedies to drain the debtor's assets." *Id.* at 755-56.

either the lifting of the bankruptcy stay or final resolution of the bankruptcy proceedings, if appellant deems such a motion appropriate at that time.[2]

It is so ORDERED.

_____ , J.
Pickering

_____ , J.
Parraguirre

_____ , J.
Cadish

cc:   Hon. Ronald J. Israel, District Judge
The Law Office of Mike Beede, PLLC
Wolfe & Wyman LLP
Fennemore Craig P.C./Reno
Eighth District Court Clerk

---

[2]Any such motion to reinstate the appeal must be filed within 60 days of any order lifting the stay or concluding the bankruptcy proceedings.

SUPREME COURT
OF
NEVADA

(O) 1947A